[Civ. No. 2199. Fourth Appellate District.—November 8, 1939.]

HOWARD E. JONES, Respondent, v. JOSEPHINE M. LEWIS et al., Appellants.

N. C. Peters for Appellants.

Raymond E. Hodge for Respondent.

BARNARD, P. J.—This is an action to recover the sum of $268 claimed to be due to the plaintiff as the reasonable value of architectural services performed for the defendants and to foreclose a lien therefor upon certain real property. From a judgment in favor of the plaintiff the defendants have appealed.

The only question presented is whether there is sufficient evidence in the record to support certain findings to the effect that the appellants agreed to pay the respondent the reasonable value of his work in preparing certain plans and specifications, that the reasonable value of these services was $268, and that the agreement between the parties was not merely tentative and had not been abandoned by the plaintiff.

The plans and specifications in question were prepared in connection with the proposed remodeling of what was known as the Maryland Hotel. The building was owned by appellant Lewis and the hotel was managed by appellant Iden, although he testified that he had an oral contract under which he claimed to own a 50 per cent interest in the building. The respondent prepared one set of plans for the proposed work, which was not satisfactory. He then prepared another set of plans and specifications which were introduced in evidence and which exhibits have been transmitted to this court. These consist of two sheets of drawings, a blueprint of the same and a set of specifications. The blueprint, with the specifications attached, is signed by Mrs. Lewis as owner.

The respondent testified that he drew these plans and specifications at the request of the appellants; that they were approved by both of them; that a reasonable fee for preparing such plans and specifications is 4 per cent of the lowest bid obtained; that he obtained two bids, the lowest of which was $6,700; that $268 is a reasonable fee for the work done; that he drew up a proposed contract between the low bidder and the owners; that at a conference between this contractor, Mr. Iden and himself the contractor refused to sign the contract; that Mr. Iden then said he would probably have to go out of town to get a builder; that he then told Mr. Iden "my bill of 4% is due at this time"; that Mr. Iden told him to see Mrs. Lewis and she would pay him; and that he saw Mrs. Lewis and she told him she would pay him in three or four days.

The contractor testified that at the above-mentioned conversation Mr. Iden made no objection to the plans and specifications as drawn and attempted to persuade him to enter into the contract to construct the improvements, but that he did not do so because he doubted the ability of the appellants to pay for the work. Another architect examined the plans and specifications introduced in evidence and testified that $268 was a reasonable fee for preparing the same.

The testimony of the appellants conflicts in many respects with that offered by the respondent. It may be observed, however, that some of their testimony corroborates that given in favor of the respondent and that other portions plainly indicate why they were not accepted at face value by the trial court. An architect who prepared the plans which were subsequently used by the appellants testified in their behalf. After examining the plans and specifications in evidence he stated that he was unable to tell what was the reasonable value of the services involved in their preparation, although he stated that the testimony of the architect who testified on behalf of the respondent was "substantially correct".

Without reviewing the conflicting testimony, it may be stated that the questioned findings are not only supported by the evidence but, so far as shown by the record, by a preponderance thereof.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.